**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAQUELINE KYLES**

Plaintiff,

Case No.: 6:09-CV-1248-18GJK

v.

**HEALTHFIRST, INC.,** a
*Florida non-profit corporation,*

Defendant

_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JAQUELINE KYLES (hereinafter "Plaintiff" or "Ms. Kyles") by and through the undersigned counsel and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby sues Defendant HEALTHFIRST, INC. (hereinafter "Defendant" or "Healthfirst") and states as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.* Plaintiff seeks damages for unpaid wages and overtime, liquidated damages, other such equitable relief as deemed appropriate, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 216(b); 29 U.S.C. § 215(a)(3); and 29 U.S.C. § 1132(e)(1).

3. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. The Middle District of Florida has personal jurisdiction over Defendant because they do business and are doing business in Florida, and in this district, and because many of the acts complained of occurred in this State, within this District, and gave rise to the claims alleged.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is believed to "reside" in this District and because a substantial part of the events giving rise to the claims occurred in this District.

6. Plaintiff is a citizen and resident of Rockledge, Brevard County, Florida and has filed a consent to join this matter pursuant to 29 U.S.C. §216(b).

7. Pursuant to Local Rule 1.02(b) of the Local Rules for the United States District Court for the Middle District of Florida, assignment to the Orlando Division is proper because a substantial part of the events giving rise to claims presented in this Complaint occurred in or around Rockledge, Brevard County, Florida.

## PARTIES

8. Defendant Healthfirst, Inc. is a Florida non-profit corporation that provides health care services and insurance to the public in the state of Florida and throughout the United States.

9. Plaintiff is a resident of the state of Florida and, at all times relevant hereto, was employed by Defendant in Rockledge, Brevard County, Florida.

## GENERAL ALLEGATIONS

10. Plaintiff began her employment with Health First, Inc. ("Health First") in March 2005 as an Account Representative in the home care department of Health First.

11. In approximately January 2006, Plaintiff began working in the newly acquired Durable Medical Equipment ("DME") department to assist with data entry and billing issues.

12. In April 2006, Plaintiff was offered a "DME Supervisor" position and transferred into the durable medical equipment department known as Healthfirst Medical Equipment ("HFME").

13. Plaintiff was assigned accountability for the production of the department and consistently worked in excess of seventy (70) hours per week to meet the production demands of the department while only being paid for 40 hours per week.

14. Plaintiff was misclassified as an "exempt" employee under the provisions of the FLSA while she was assigned to work in HFME between April 2006 and November 2008.

15. Plaintiff spent at least ninety percent (90%) of her working time performing non-exempt, non-supervisory tasks or production work between April 2006 and November 2008.

16. Plaintiff's primary duties as DME Supervisor were covering shifts in retail, customer service, billing and dispatching, cleaning and numbering medical equipment, coordinating deliveries, data entry, answering phones, selling equipment, stocking equipment, taking inventory, reviewing billing and accounts receivable,

3

arranging floor space, running reports, cash handling, bank deposits and handling customer inquiries.

17. Plaintiff spent less than ten percent (10%) of her working time on supervisory tasks and duties between April 2006 and November 2008.

18. Based on Plaintiff's job duties while in the position of DME Supervisor, she did not qualify for any exemption from the provisions of the FLSA and should have been classified as "non-exempt" and paid overtime for all hours worked in excess of forty (40) hours per week.

19. Despite Plaintiff performing non-exempt, non-management work over ninety percent (90%) of her working time, Defendant misclassified Plaintiff as exempt from the overtime provisions of the FLSA and refused to pay her any wages or overtime for any hours she worked over 40 in a workweek.

20. Further, between April 2006 and November 2008, Plaintiff was "on-call" and could not leave her home or the immediate local area twenty four (24) hours per day, seven (7) days per week.

21. Defendant failed to compensate Plaintiff for any of the time she spend "on-call" for the benefit of Defendant. Plaintiff should have been compensated for time spent "on-call" for the benefit of Defendant.

22. At all times following April 2006, Defendant routinely suffered and permitted Plaintiff to work hours in excess of forty (40) in a workweek without paying her any overtime compensation in violation of the FLSA.

23. Plaintiff, on average, worked at least seventy (70) hours per week, not including "on-call" time, to complete the production work assigned to her by Defendant

but was only paid for forty (40) hours per week for each week from April 2006 to November 2008.

24. Defendant owes Plaintiff overtime compensation of approximately and at least twenty five (25) to thirty (30) hours per week from April 2006 to November 2008 plus additional compensation for being "on-call" twenty four hours per day seven days per week during that time period as well as liquidated damages pursuant to the FLSA.

## FIRST CLAIM FOR RELIEF
(Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)

25. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as if they were fully set forth again herein.

26. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed or continued to employ "employee[s]" within the meaning of the FLSA, including Plaintiff. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

27. The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours in a workweek.

28. Plaintiff was misclassified by Defendant as an "exempt" employee and is entitled to be paid overtime compensation for all hours she worked in excess of forty (40) hours per week.

29. Plaintiff was misclassified as an exempt employee by Defendant between April 2006 and November 2008 and worked hours in excess of 40 each of those weeks without receiving any overtime compensation.

30. During the period that Plaintiff was misclassified as exempt, she was only paid for forty (40) hours per week when she worked approximately seventy (70) hours per week.

31. Defendant failed and refused to pay Plaintiff for any and all hours Plaintiff worked in excess of forty (40) in a workweek.

32. By misclassifying Plaintiff as exempt and by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

33. By failing to record, report, and/or preserve records of all hours worked by Plaintiff, Defendants has failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine her wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Plaintiff seeks recovery of her attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays for relief as follows:

a. An award of damages, according to proof, including back wages and liquidated damages, to be paid by Defendant;

b. Costs of action incurred herein, including expert fees;

c. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

d. Pre-Judgment and Post-Judgment interest, as provided by law; and

e. Such other legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated this ___ day of July, 2009.

Respectfully submitted,

Deborah E. Frimmel
Florida Bar No. 93970

FRIMMEL LAW GROUP, P.A.
7380 Sand Lake Road, Suite 500
Orlando, Florida 32819
Telephone:   (407) 574-4949
Facsimile    (407) 386-6300
E-Mail: deborah@frimmellaw.com
            COUNSEL for the Plaintiff