UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAQUELINE KYLES,

          Plaintiff,

v.

HEALTHFIRST, INC., a Florida non-profit
corporation.

          Defendant.

CASE NO. 6:09-CV-1248-18GJK

_____

**DEFENDANT HEALTH FIRST, INC.'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Health First, Inc., pursuant to Federal Rule of Civil Procedure 12(a)(1), files

its Answer and Defenses to Plaintiff's Complaint and Demand for Jury Trial and states the

following:

**ANSWER**

Defendant responds to the specifically enumerated allegations in the Complaint as

follows:

1.      Defendant admits that this is an action by Plaintiff against Defendant for unpaid

overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Defendant admits that

Plaintiff seeks damages and reasonable attorney's fees. Defendant denies that damages and

reasonable attorney's fees are recoverable in this action.

2.      Defendant admits only for jurisdictional purposes that this Court has federal

question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits that 28 U.S.C. §§ 2201 and 2202 authorize the Court to issue

declaratory judgments. Defendant denies the remaining allegations, inferences and legal conclusions in Paragraph 3.

4.      Defendant acknowledges that venue is proper in the Middle District of Florida in Orlando. Defendant denies the allegations in Paragraph 4 to the extent they suggest or imply that Defendant has acted unlawfully or violated the FLSA.

5.      Defendant acknowledges that venue is proper in the Middle District of Florida in Orlando. Defendant denies the allegations in Paragraph 5 to the extent they suggest or imply that Defendant has acted unlawfully or violated the FLSA.

6.      Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant acknowledges that venue is proper in the Middle District of Florida in Orlando. Defendant denies the allegations in Paragraph 7 to the extent they suggest or imply that Defendant has acted unlawfully or violated the FLSA.

8.      Defendant admits only that it is a Florida non-profit corporation that provides health care services and insurance in Brevard County, Florida. Defendant denies the remaining allegations, inferences and legal conclusions in Paragraph 8.

9.      Defendant admits that Plaintiff was an employee of Defendant. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint.

10.    Admitted.

11.    Denied.

12.    Admitted.

13.    Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendant restates and incorporates its responses to paragraphs 1-24 of the Complaint.

26. Admitted.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendant admits that Plaintiff seeks attorney's fees and costs. Defendant denies

that attorney's fees and costs are recoverable in this action.

36. Defendant admits that Plaintiff seeks damages. Defendant denies that damages are recoverable in this action.

Defendant denies Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph immediately following Paragraph 36 of the Complaint.

## TO THE COMPLAINT AS A WHOLE

Defendant denies each and every allegation, and all possible inferences from each and every allegation, that is not expressly admitted in this answer. Additionally, Defendant reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be disclosed by additional investigation and discovery.

## DEFENSES

## FIRST DEFENSE

At all relevant times, Plaintiff was accurately and appropriately compensated for all hours worked for Defendant.

## SECOND DEFENSE

Liquidated damages are not recoverable in this case because Defendant at all times acted in good faith and Defendant had reasonable grounds for believing that its actions or omissions were not a violation of the FLSA, 29 U.S.C. § 260. Further, the issue of liquidated damages is for the Court to consider and determine and not a jury.

## THIRD DEFENSE

Prejudgment interest is not recoverable if Plaintiff is awarded liquidated damages.

## FOURTH DEFENSE

Plaintiff cannot recover for any FLSA claims based upon conduct occurring more than

two years (or three years, if any alleged violation is deemed willful) prior to the filing of this Complaint because of the applicable statute of limitations.

## FIFTH DEFENSE

Plaintiff was employed in an administrative and/or executive capacity and, therefore, exempt from overtime pursuant to 29 U.S.C. § 213(a) and applicable Department of Labor regulations.

## SIXTH DEFENSE

This action is barred to the extent Plaintiff seeks recovery for time which is not compensable time, *i.e.* "hours worked" under the FLSA.

## SEVENTH DEFENSE

Plaintiff's claim are barred or limited to the extent the time periods for which she is claiming entitlement to overtime pay fall within the "*de minimus*" exception.

## EIGHTH DEFENSE

The claims of Plaintiff are barred or limited as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to her principal activities.

## NINTH DEFENSE

The claims of Plaintiff are barred or limited as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

## TENTH DEFENSE

To the extent Plaintiff is entitled to overtime under the FLSA, she was hired at a fixed salary for an unspecified work week and therefore, any overtime should be computed using the fluctuating work week method of overtime payment.

## ELEVENTH DEFENSE

Plaintiff's claims are barred or subject to offset or reduction to the extent that her salary was intended to, and did, compensate her for all hours worked each week, regardless of the number of hours worked in a particular workweek. Under these circumstances, even if she was found to have worked uncompensated overtime, which Defendant denies she ever did, Plaintiff would be entitled to no more than one-half her regular rate of pay in that workweek for any overtime hours worked in that workweek.

## TWELFTH DEFENSE

If Plaintiff is able to show a violation of the FLSA, which Defendant specifically denies, Defendant is entitled to seek a set-off for all compensation and benefits she would not have received if he had been properly classified.

## THIRTEENTH DEFENSE

While Defendant denies that Plaintiff worked uncompensated overtime, it pleads alternatively that her claims should be offset by personal time for which she was compensated.

## FOURTEENTH DEFENSE

If Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA. Thus, a three-year statute of limitations would not be warranted.

## FIFTEENTH DEFENSE

Any alleged acts or omissions by Defendant were in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rulings, approval, or interpretation by the Administrator of the Wage and Hour Division of the U.S. Department of Labor or an

administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of employers to which Defendant belongs.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred to the extent she seeks remedies beyond those provided for by the FLSA.

## SEVENTEENTH DEFENSE

Defendant is entitled to all attorneys' fees, costs and expert witness fees associated with the defense of some or all of the claims in this action pursuant to the inherent power of the Court, 28 U.S.C. § 1927, and other applicable law.

## EIGHTEENTH DEFENSE

The claims of Plaintiff are barred in whole or in part by statutory exemptions, exclusions, exceptions, or credits under the FLSA.

## NINETEENTH DEFENSE

Defendant reserves the right to assert additional defenses as may appear applicable during the course of this litigation.

## JURY DEMAND

Admitted Plaintiff is entitled to a jury trial on those issues so triable. Denied Plaintiff is entitled to a jury trial on those issues not so triable.

WHEREFORE, having fully answered and responded to the allegations in the Plaintiff's complaint, Defendant respectfully requests that:

(a)  Plaintiff's claims be dismissed with prejudice in their entirety.

(b)  Each and every prayer for relief in Plaintiff's Complaint be denied.

(c)     Judgment be entered in favor of Defendant.

(d)     Costs be awarded to Defendant and against Plaintiff; and

(e)     The Court grant Defendant such other and further relief as it deems just

and appropriate.

Dated this 12th day of August, 2009.

Respectfully submitted,

By: s/Chelsie J. Roberts
Andrew S. Hament
Florida Bar No. 325279
E-mail: ahament@fordharrison.com
Chelsie J. Roberts
Florida Bar No. 598208
E-mail: croberts@fordharrison.com
FORD & HARRISON LLP
1901 South Harbor City Boulevard, Suite 501
Melbourne, FL  32901
(321) 724-5633 Telephone
(321) 724-5979  Facsimile
Attorneys for Defendant Health First, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2009, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing

to:  Deborah Frimmel, Esquire of Frimmel Law Group, P.A. at deborah@frimmellaw.com.

s/Chelsie J. Roberts
Chelsie J. Roberts

MELBOURNE:14884.1