# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAQUELINE KYLES,**

                        **Plaintiff,**

**-vs-**                                                   **Case No. 6:09-cv-1248-Orl-28GJK**

**HEALTH FIRST, INC.,**

                        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION TO APPROVE THE PARTIES' SETTLEMENT AND ENTER DISMISSAL WITH PREJUDICE** (Doc. No. 35) |
| **FILED:** | December 2, 2010 |

**THEREON** it is **RECOMMENDED** that the motion is **GRANTED**, the December 9, 2010 Status Conference be cancelled, and the case be dismissed with prejudice.

On July 20, 2009, Jaqueline Kyles (the "Plaintiff") filed a complaint (the "Complaint") alleging violations of the wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), against Health First, Inc. (the "Defendant"). Doc. No. 1. In the Complaint, Plaintiff alleges that the Defendant misclassified Plaintiff as an exempt employee under the FLSA and failed to compensate Plaintiff for all hours actually worked. Doc. No. 1 at 3-4. On October 15, 2009, Plaintiff filed Answers to the Court's Interrogatories wherein

Plaintiff calculates that she is entitled to $179,358.38, representing $72,929.19 in unpaid overtime wages, $72,929.19 in liquidated damages, and $33,500.00 in unpaid wages. Doc. No. 13 at 4. Plaintiff and Defendant jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. Nos. 35, 35-1, 35-2.[1]

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354. Thus, if the settlement agreement reflects a compromise of Plaintiff's FLSA claims, the Court must scrutinize it for fairness, including the amount of the settlement allocated for

---

[1] The parties previously sought approval of their settlement agreement and dismissal of the case. Doc. No. 31. However, the Court denied their previous motion because it was insufficient for the Court to determine whether the Agreement is a fair and reasonable resolution of a bona fide dispute. Doc. No. 33.

attorneys' fees and costs. If Plaintiff has not compromised her FLSA claims, then the Court does not need to further scrutinize the settlement for fairness.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

> recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.*[3]   When a plaintiff compromises an FLSA claim, then in order for the Court to determine whether the proposed settlement is reasonable, counsel for the plaintiff must disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4]  Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[5]  It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court

---

[3] In the Eleventh Circuit, unpublished opinions are not binding, but are persuasive authority.

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide.  In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award.

To establish the reasonableness of the fees and costs to be paid, counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) a basis for why the hourly rate is reasonable; 5) the number of hours spent on each task; and 6) a precise statement of all costs and expenses incurred.

Under the Agreement in this case, Plaintiff has agreed to substantially compromise her claim.  *See* Doc. No. 35-2 at 1.  As set forth above, in Plaintiff's Answers to the Court's Interrogatories, Plaintiff calculates that she is entitled to $179,358.38.  Doc. No. 13 at 4.  In the Agreement, Plaintiff has agreed to accept $3,935.00 "in full and final settlement of any claims for unpaid wages, less applicable withholdings and deductions," in return for a general release of all claims and dismissal of the action with prejudice  Doc. No. 35-2 at 1-4.   In the Motion, Plaintiff states that she agreed to substantially compromise her claim after reviewing Defendant's documents, which indicates that Plaintiff is exempt from the FLSA.  Doc. No. 35 at 2-3.  Although Plaintiff disputes that she is exempt under the FLSA, the parties state that it is in their "best interest to resolve this matter prior to incurring additional costs and prior to the Court's

ruling on summary judgment." Doc. No. 35 at 3. Additionally, Plaintiff states that she "accepted the amount offered as a very good alternative to losing on summary judgment, the possibility of having Defendants' [sic] costs taxed against her and having to pay the sanctions the Court imposed upon her in moving to compel documents she believed were necessary to defend against summary judgment." Doc. No. 35 at 3.[6] Plaintiff further states that she has incurred substantial litigation costs in this case, which she cannot afford, and, by accepting the Agreement, Defendant will pay Plaintiff's litigation expenses. Doc. No. 35 at 3-4. Based on Plaintiff's explanation for compromising her claim, it is recommended that the Court find the proposed compromise of Plaintiff's claim in this case is reasonable.

In addition to the amount Plaintiff will receive, Plaintiff's counsel will receive $3,565.00 for attorneys' fees and costs under the Agreement. Doc. No. 35-2 at 2. Plaintiff's counsel, Deborah E. Frimmel, Esq., filed a detailed affidavit and time sheet showing the total amount of time she worked on the case, her hourly rate, an explanation as to why the hourly rate is reasonable, and a detailed description of the total costs incurred in the case. Doc. No. 35-1. In the affidavit, Ms. Frimmel states that she has been practicing for fourteen (14) years exclusively in the area of employment law. Doc. No. 35-1 at 1. Ms. Frimmel states that her customary hourly rate is $350.00 per hour and Plaintiff incurred $62,934.00 in attorneys' fees and $1,488.75 in costs in this case. Doc. No. 35-1 at 3. The time sheet shows that Mrs. Frimmel expended 179.8 hours of work on the case at a rate of $350.00 per hour. Doc. No. 35-1 at 4-14. Attached to the time sheet is a detailed list of the costs incurred in this case totaling $1,488.75.

---

[6] On September 27, 2010, the Court denied Plaintiff's motion to compel (Doc. No. 20) and awarded attorneys' fees and costs to Defendant. Doc. No. 30.

Based on the information provided by Ms. Frimmel, it is recommended that the Court find the proposed compromise of Plaintiff's attorneys' fees and costs in this case is reasonable.

Accordingly, it is recommended that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT:**

1. **GRANT** the Motion (Doc. No. 35) only to the extent that the Court finds the parties' Agreement is fair and reasonable;

2. **Cancel the Status Conference Scheduled for December 9, 2010**; and

3. Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If there is no objection to this report and recommendation, the parties may promptly file a joint notice of no objection.**

**RECOMMENDED** at Orlando, Florida on December 3, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record